Honorable Christopher M. Alston
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>MILFORD OTHELLO MUHAMMAD and VERNITA MARIE ROBINSON,<br><br>Debtors. | CASE NO. 15-16261-CMA<br><br>Chapter 13<br><br>Adv. Proc. No. _____ |
| MILFORD OTHELLO MUHAMMAD and VERNITA MARIE ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee for the RMCA Trust, Series 2013 3-T; and MTC FINANCIAL, INC. a Washington corporation;<br><br>Defendants. | **ADVERSARY COMPLAINT SEEKING QUIET TITLE TO REAL PROPERTY AS TO LENDER'S DEED OF TRUST AND FOR DECLARATORY AND OTHER RELIEF** |

<u>ADVERSARY COMPLAINT SEEKING QUIET TITLE TO REAL PROPERTY AS TO LENDER'S DEED OF TRUST AND FOR DECLARATORY AND OTHER RELIEF</u>

COMPLAINT TO QUIET TITLE
Robinson.2756.001   - 1

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

**Plaintiffs.**

1. The Plaintiffs are the Debtors, Milford Othello Muhammad and Vernita Marie Robinson, husband and wife (collectively, the "Robinsons").

**Defendants.**

2. The Defendants are as follows:

   a. US Bank National Association ("US Bank"), a national banking association, not in its individual capacity, but solely as Trustee for the RMCA Trust, Series 2013 3-T; and

   b. MTC Financial, Inc., ("MTC Financial"), a Washington corporation.

**Jurisdiction.**

3. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

4. On 22 October 2015 ("Petition Date"), the Debtors filed a voluntary petition commencing a case (the "Bankruptcy Case") under Chapter 13 of the Bankruptcy Code. K. Michael Fitzgerald has been appointed as Trustee and the Debtors remain as debtors in possession in the Bankruptcy Case.

**Real Property.**

5. The real property (the "Real Property") that is the subject of this lawsuit is commonly known as 10037 19th Avenue Southwest, Seattle, WA 98146 and legally described as follows:

COMPLAINT TO QUIET TITLE
Robinson.2756.001   - 2

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Case 16-01041-CMA    Doc 1    Filed 02/08/16    Ent. 02/08/16 15:02:04    Pg. 2 of 8

> Lots 33 and 34, and the North 5 feet of Lot 32, Block 2, Regal Heights Addition, according to the plat thereof recorded in Volume 20 of Plats, page 94, in King County, Washington.

6. The Robinsons purchased the Real Property in 1998 and have lived there continuously since they purchased that Property.

**2007 Note and Deed of Trust.**

7. Prior to the Petition Date, on or about 26 February 2007, the Robinsons executed a promissory note (the "Note") in the original face amount of $285,000, secured by a Deed of Trust (the "Deed of Trust") in favor of MERS, as Beneficiary, against the Robinsons' Real Property. Copies of the Note and Deed of Trust are attached as Exhibits A and B hereto, respectively. The Deed of Trust was recorded under King County Recording No. 20070226000405. The Robinsons have never made any payment on the Note since they executed the Note and have been in default since the first payment was due.

**2008 Assignment of Note and Deed of Trust to Property Asset Management, Inc.**

8. On 17 March 2008, MERS assigned the Note and Deed of Trust to Property Asset Management, Inc. by an assignment recorded under King County Recording No. 20080910000913, a copy of which is attached as Exhibit C.

**2008 Appointment of Northwest Trustee Services, Inc. as Trustee.**

9. On 10 September 2008, Property Asset Management, Inc. appointed Northwest Trustee Services, Inc. ("Northwest") as Trustee under the Deed of Trust by an Appointment recorded under King County Recording No. 20080910000914, a copy of which is attached as Exhibit D.

COMPLAINT TO QUIET TITLE
Robinson.2756.001   - 3

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Case 16-01041-CMA   Doc 1   Filed 02/08/16   Ent. 02/08/16 15:02:04   Pg. 3 of 8

## 2009 Foreclosure by Northwest.

10. Northwest then commenced a foreclosure on the Robinsons. On 1 July 2009, Northwest recorded a Notice of Trustee's Sale under King County Recording No. 20090701001269, a copy of which is attached as Exhibit E. This Notice of Trustee's Sale set a foreclosure sale date for 2 October 2009, which is more than six years ago. The Notice of Trustee's Sale was in the customary statutory form and contained this language in Paragraph V:

> The sale may be terminated any time after 09/21/09 (11 days before the dale date), and before the sale by the Borrower, Grantor, any Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

11. This statutory language effectively accelerated the debt as of 22 September 2009.

## 2011 Termination of Foreclosure Sale.

12. Northwest did not hold this scheduled sale on 2 October 2009, and eventually terminated the sale on 8 September 2011 by recording a Notice of Discontinuance under King County Recording No. 20110912000719, a copy is attached as Exhibit F.

## Other Events Accelerating the Note.

13. Upon information and belief, other actions were taken by US Bank or its predecessors that likewise accelerated the Note.

## Assignment to US Bank.

COMPLAINT TO QUIET TITLE
Robinson.2756.001    - 4

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Case 16-01041-CMA   Doc 1   Filed 02/08/16   Ent. 02/08/16 15:02:04   Pg. 4 of 8

14. On or about 28 November 2012, the Note and Deed of Trust were assigned to US Bank by an assignment recorded under King County Recording No. 20130627000471, a copy of which is attached as Exhibit G. Upon information or belief, US Bank is the owner and holder of the beneficial interest in the Note and Deed of Trust.

**2014 Appointment of MTC Financial as Trustee.**

15. On 10 December 2014, US Bank appointed MTC Financial as Trustee under the Deed of Trust by an Appointment of Successor Trustee recorded under King County Recording No. 20141210002427, a copy of which is attached as Exhibit H.

**Foreclosure by MTC Financial.**

16. MTC Financial commenced a nonjudicial foreclosure on the Robinsons by recording a Notice of Trustee's Sale under King County Recording No. 20150622001639, a copy of which is attached as Exhibit I. However, US Bank failed to follow the requirements of RCW 61.24.031 prior to sending out the Notice of Default and failed to mediate with the Robinsons as required by RCW 61.24.163, despite efforts by the Robinsons to mediate. US Bank's foreclosure is improper and should not go forward until those statutory requirements are met. MTC Financial set a Trustee's sale date for 23 October 2015. Shortly prior to the sale date, the Robinsons filed this Chapter 13 proceeding in Bankruptcy Court.

**Statute of Limitations Has Passed.**

17. The statute of limitations for collection of a note secured by a deed of trust is six years per RCW 4.16.040. The Note was accelerated by the 2009 foreclosure no

COMPLAINT TO QUIET TITLE
Robinson.2756.001   - 5

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

later than 22 September 2009. More than six years has passed since 22 September 2009, so the statute of limitations to collect the Note and Deed of Trust has passed.

**The Deed of Trust is Outlawed.**

18. Pursuant to RCW 7.28.300, the Deed of Trust is outlawed because the statute of limitations has passed. RCW 7.28.300 reads as follows:

> Quieting title against outlawed mortgage or deed of trust.
>
> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

**Judgment Quieting Title and Declaratory Judgement That Note Cannot Be Collected and Order of Permanent Injunction.**

19. Judgment should be entered quieting title to the Real Property in Plaintiffs as against US Bank and anyone claiming by, through or under US Bank. Similarly, a declaratory judgment should be entered against US Bank and MTC Financial adjudicating that the Note cannot be collected and permanently enjoining them from taking any action to collect the Note and/or foreclose the Deed of Trust.

**Attorney's Fees and Costs.**

20. The Note and Deed of Trust contain clauses providing for reasonable attorney's fees and costs. Under Washington's reciprocity statute, RCW 4.84.330, Plaintiffs are entitled to their reasonable attorney's fees and costs.

**Consumer Protection Act Violations.**

21. Defendants' violations of RCW 61.24.031 and 61.24.163 are violations of the

COMPLAINT TO QUIET TITLE
Robinson.2756.001  - 6

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Consumer Protection Act under RCW 61.24.135(2). Plaintiffs are entitled to damages and costs and reasonable attorney's fees per RCW 19.86.

### PRAYER FOR RELIEF

WHEREFORE plaintiffs pray the Court as follows:

a. For a judgment quieting title in Plaintiffs to the Real Property as against US Bank and anyone claiming by, though or under US Bank;

b. For a judgment adjudicating that the Note cannot be collected;

c. For an injunction enjoining US Bank and MTC Financial from foreclosing the Deed of Trust;

d. For a judgment for Plaintiffs' reasonable costs and attorney's fees which are allowed under the Note and Deed of Trust;

e. For damages, costs and attorney's fees under RCW 19.86;

f. For a judgment that Defendants foreclosure is invalid and an injunction enjoining Defendants from further action to foreclose until Defendants comply with RCW 61.24.031 and 61.24.163; and

g. For such other relief as the Court deems just.

DATED this 8th day of February 2016.

ROBERT E. ORDAL, PLLC

By _____ #34513
Robert E. Ordal, WSBA No. 2842
Robert E. Ordal, PLLC
1000 Second Ave., Suite 1750
Seattle, WA 98104
(206) 624-4225
(206) 624-5930 fax
ordal@ordallaw.com
Attorney for Muhammad/Robinson

COMPLAINT TO QUIET TITLE
Robinson.2756.001 - 7

**ROBERT E. ORDAL, PLLC**
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Case 16-01041-CMA   Doc 1   Filed 02/08/16   Ent. 02/08/16 15:02:04   Pg. 7 of 8

PATRICK L. VAIL, PLLC

BY _____
Patrick L. Vail, WSBA No. 34513
Patrick L. Vail, PLLC
1000 Second Ave., Suite 1750
Seattle, WA 98104
(206) 624-5824
(206) 624-5930 fax
pvail@pvaillaw.com
Attorney for Muhammad/Robinson

## LIST OF EXHIBITS

Exhibit A: Note

Exhibit B: Deed of Trust No. 20070226000405

Exhibit C: Assignment of Deed of Trust No. 20080910000913

Exhibit D: Appointment of Successor Trustee No. 20080910000914

Exhibit E: Notice of Trustee's Sale No. 20090701001269

Exhibit F: Notice of Discontinuance No. 20110912000719

Exhibit G: Assignment of Deed of Trust No. 20130627000471

Exhibit H: Appointment of Successor Trustee No. 20141210002427

Exhibit I: Notice of Trustee's Sale No. 20150622001639

COMPLAINT TO QUIET TITLE
Robinson.2756.001    - 8

ROBERT E. ORDAL, PLLC
1000 SECOND AVENUE, SUITE 1750
SEATTLE, WASHINGTON 98104
(206) 624-4225   FAX (206) 624-5930
ORDAL@ORDALLAW.COM

Case 16-01041-CMA    Doc 1    Filed 02/08/16    Ent. 02/08/16 15:02:04    Pg. 8 of 8